PAUL TRAVERS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Travers v. Commissioner
Docket No. 8287-79.
United States Tax Court
T.C. Memo 1981-469; 1981 Tax Ct. Memo LEXIS 278; 42 T.C.M. (CCH) 916; T.C.M. (RIA) 81469; August 27, 1981. Paul Travers, pro se. M. K. Mortensen, for *279 the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined a deficiency in petitioner's income tax for the calendar year 1977 in the amount of $ 148. The only issue for decision is whether petitioner is liable for the tax on self-employment income under section 1401 [1] for the year in issue. FINDINGS OF FACT Petitioner, who resided in San Diego, California, at the time of the filing of the petition in this case, filed a joint Federal income tax return with his wife, Nancy L. Travers, [2] with the Internal Revenue Service Center, Fresno, California, for the calendar year 1977. On this return wages were reported as having been received by petitioner's wife from an employer. There were attached to the return two Schedule C's showing the profit of petitioner from a real estate business and a tax return preparation business. The total taxable income reported by petitioner on these two Schedule C's was $ 1,870. Other than a refund of state or local income taxes, the *280 only income reported on the return was the wages of petitioner's wife and petitioner's Schedule C income. Petitioner did not report any self-employment tax under section 1401 on his return. [3]
*281 Respondent in his notice of deficiency to petitioner determined that the other income reported by petitioner on his tax return was self-employment income within the meaning of section 1401 and that petitioner was liable for the self-employment tax imposed by that section. OPINION Section 1401 imposes a tax on the self-employment income of every individual. Section 1402(a) defines self-employment income. Petitioner in this case does not deny that the $ 1,870 of income which he received from his real estate and tax return preparation businesses is self-employment income within the meaning of sections 1401 and 1402(a). It is petitioner's position that he should be exempt from payment of the tax on his self-employment income under the provisions of section 1402(g). [4]
*282 Petitioner testified that he was not a member of any recognized religious sect which had tenets or teachings to which he adheres which caused him to be conscientiously opposed to the acceptance of benefits of any public or private insurance which makes payments upon death, disability, old-age or retirement. Petitioner testified that he personally was conscientiously and philosophically opposed to any public insurance program, but in 1977 could not find a religion that held those beliefs and therefore merely held them as his own religious beliefs at that time. From petitioner's own testimony, it is clear that he does not come within the exemption from self-employment tax provided for by section 1402(g). That section provides for an exemption from the tax on self-employment income for a taxpayer "if he is a member of a recognized religious sect * * * and is an adherent of established tenets or teachings of such sect * * * by reason of which he is conscientiously opposed to acceptance of the benefits of any private or public insurance * * *." Petitioner recognizes that he does not come within the exemption provided for by section 1402(g). He contends, however, that to permit an *283 exemption from tax on self-employment income to members of a religious sect which has tenets opposed to acceptance of the benefits of public insurance but not to permit an individual who holds such beliefs without being a member of such a religious sect to be exempt from payment of tax on self-employment income is unconstitutional. This Court and other courts have on numerous occasions held that the provisions of section 1401 and 1402(g) are constitutional. [5]; Henson v. Commissioner, 66 t.c/. 835 (1976); ; , affg. a Memorandum Opinion of this Court; 8 affg. a Memorandum Opinion of this Court. All of these cases hold that section 1402(g) does not arbitrarily discriminate against taxpayers who are not members of a recognized religious sect which includes in its tenets conscientious objection to public or private insurance. These cases all hold that the singling out for exemption from the tax imposed by section 1401 of members *284 of a religious sect which has tenets opposed to private or public insurance is not arbitrary but is justified because it has a rational basis. For the reasons set forth in the above-entitled cases, we hold that the tax imposed by section 1401 is not unconstitutional as applied to petitioner. Decision will be entered for the respondent. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years here in issue.↩
2. The return was actually filed in the name of Paul J. and Nancy L. Machowicz. However, the record shows that petitioner changed his name from Machowicz to Travers prior to the date of the filing of the petition in this case. ↩
3. Petitioner testified that he had attached a Form 4029 to his 1977 return claiming to be exempt from self-employment tax under section 1402(g). Respondent had available at the trial the original return filed by petitioner and no such form was attached. Petitioner testified that he stated on the Form 4029 which he filed that he was not a member of a religious sect conscientiously opposed to the acceptance of the benefits of any private or public insurance which makes payments in the event of death, disability, old-age or retirement. He testified that on the Form 4029 he stated that he was philosophically opposed to public assistance of any kind and did not want the benefits prescribed by the Social Security Act. He testified that he further stated on the Form 4029 that for 14 years, while an employee of Xerox Corporation, he had contributed the maximum amount under the Social Security Act and was not seeking a refund of these contributions. Petitioner stated at the trial that he had not received a notice of rejection of his application for exemption from the tax imposed by section 1401. Respondent's attorney stated that he had found no record of the filing by petitioner of an application on Form 4029. In our view, because of petitioner's testimony as to the contents of the application he testified was attached to his 1977 return, it is immaterial to the disposition of this case whether in fact such a form was received by respondent.↩
4. Sec. 1402(g)(1) provides as follows: SEC. 1402. DEFINITIONS. (g) Members of Certain Religious Faiths.-- (1) Exemption.--Any individual may file an application (in such form and manner, and with such official, as may be prescribed by regulations under this chapter) for an exemption from the tax imposed by this chapter if he is a member of a recognized religious sect or division thereof and is an adherent of established tenets or teachings of such sect or division by reason of which he is conscientiously opposed to acceptance of the benefits of any private or public insurance which makes payments in the event of death, disability, old-age, or retirement or makes payments toward the cost of, or provides services for, medical care (including the benefits of any insurance system established by the Social Security Act). * * *↩
5. Sec. 1402(g), applicable to taxable years beginning after December 31, 1976, is the same as sec. 1402(h) which was applicable to prior years. Some of the cases deal with the provisions of sec. 1402(h), but their holding is equally applicable to the same provisions of section 1402(g).↩